218

## CIRCUIT COURT OF LOUDOUN COUNTY

Eugene Theroux
and Colleen Theroux

v.

Floyd D. Blethen,
Vera Bonshock, et al.

April 5, 2005

Case No. (Chancery) 23248

BY JUDGE JAMES H. CHAMBLIN

This cause came before the Court on March 1, 2005, for argument on exceptions to the Report of the Commissioner in Chancery. For the reasons hereinafter set forth, the exception of the Complainants, Eugene Theroux and Colleen Theroux, is sustained, and the exception of the Defendants, Floyd D. Blethen and Vera Bonshock, is overruled.

David H. Moyes, Commissioner in Chancery, filed his Report herein on January 18, 2005. Recommendation No. 5 provides that "the Complainants shall contribute equally to the maintenance of the easements identified herein with any other users of this area." This recommendation clearly goes beyond the issues raised in the pleadings and is not an issue referred to Mr. Moyes in the decree of reference entered December 9, 2003. Mr. Blethen and Ms. Bonshock do not object to sustaining the Complainant's exception to Recommendation No. 5. The Complainant's exception is sustained as to Recommendation No. 5.

Mr. Blethen and Ms. Bonshock filed their exception to the report of the commissioner on February 22, 2005. Under Va. Code § 8.01-615, exceptions to a commissioner's report "shall be filed within ten days after the report has been filed with the court, or for good cause shown, at a later time specified by

the court." Mr. Blethen and Ms. Bonshock filed their exceptions 35 days after the commissioner's report was filed. Therefore, it may not be considered by the Court.

However, the Complainants filed their exception on January 31, 2005, which is 13 days after the commissioner's report was filed. Likewise, it may not be considered by the Court.

Despite the untimely filing of each exception, neither party objected to the Court's considering them. Both exceptions were thoroughly argued on March 1, 2005. Therefore, the Court deems "for good cause shown" that both exceptions were timely filed.

A copy of the exception filed by Mr. Blethen and Ms. Bonshock is attached hereto and made a part hereof. They except to Mr. Moyes' having considered the testimony of the witness, Gary Virts, at the commissioner's hearing on November 30, 2004, because Mr. Virts' testimony before Mr. Moyes differed from the testimony given by Mr. Virts before this Court on October 23, 2004, during a hearing on the Complainant's motion for a preliminary injunction.

This litigation concerns an easement for ingress and egress appurtenant to the land of the Complainants over land of Mr. Blethen and Ms. Bonshock. After hearing evidence, Mr. Moyes determined the location of the easement as shown on Exhibit 6 admitted in evidence for the Complainants at the Commissioner's hearing. Mr. Moyes determined the location of the easement relying heavily on Mr. Virts' testimony concerning the past use of the easement.

After the parties argued, I have had the opportunity to read the transcript of the commissioner's hearing and the transcript of the hearing on the preliminary injunction. I have also reviewed the exhibits admitted in evidence at both hearings.

It is clear to me that Mr. Virts testified to a different location for the "parking area" at each hearing. He testified to this Court at the preliminary injunction hearing that cars were parked (near the house on the Complainant's land) in an area directly in front of the house as shown on the attached diagram marked "Preliminary Hearing" and as described in the Decree for Preliminary Injunction entered November 5, 2003. At the commissioner's hearing, Mr. Virts testified that cars were parked in a fifty foot plus wide area extending south from the steps in front of the house as shown on the aforesaid Exhibit 6, an area not directly in front of the house.

A commissioner in chancery, as Mr. Moyes, considers the testimony of the witnesses in the same manner as a judge does in a court proceeding. Accordingly, he must judge the credibility of the witnesses.

When Mr. Virts' testimony at the commissioner's hearing differed from his testimony at the hearing on the preliminary injunction, his testimony at the hearing on the preliminary injunction became, to the extent it differed from his testimony at the commissioner's hearing, what the law refers to as a "prior inconsistent statement."

Prior inconsistent statements of a witness – Mr. Virts was a witness – are admissible solely to attack his credibility. They are not considered to be evidence of the truth of the statements. Furthermore, they do not have the effect of nullifying the witness' testimony. In other words, even though a witness may have made a prior inconsistent statement (whether as a sworn witness in a court proceeding or whether outside of court) it does not nullify the witness' testimony or prevent the witness from testifying. The prior inconsistent statements are taken into account by the trier of fact in weighing or evaluating the witness' statement.

I took the matter under advisement so that I could read the transcript to see if Mr. Virts' prior inconsistent statements were offered in evidence and brought to the attention of Mr. Moyes during the commissioner's hearing. Clearly, they were. See, for example, pages 83-87 of the transcript of the commissioner's hearing where Mr. Blethen questioned Mr. Virts about his testimony at the hearing on the preliminary injunction.

As the trier of fact, Mr. Moyes, as commissioner in chancery, had to weigh the testimony of Mr. Virts and judge his credibility. Mr. Moyes observed Mr. Virts as he testified. On matters of the credibility of witnesses, great deference must be given to the commissioner. Merely based on the content of Mr. Virts' differing statements, I cannot find that it is plainly wrong for Mr. Moyes to accept Mr. Virts' testimony at the commissioner's hearing as so completely beyond belief that Mr. Moyes was plainly wrong in accepting it.

Accordingly, the exception of Mr. Blethen and Ms. Bonshock is overruled.